IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| REC SOFTWARE USA, INC., a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>CASIO AMERICA, INC., a New York corporation; and CASIO COMPUTER CO., LTD., a corporation organized under the laws of Japan,<br><br>Defendants. | Case No. 2:14-cv-01047<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff REC Software USA, Inc. ("REC" or "Plaintiff"), for its complaint against defendants Casio America, Inc., and Casio Computer Co., Ltd. (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for infringement of U.S. Patent No. 5,854,936 (the " '936 Patent"), a true and correct copy of which is attached hereto as Exhibit A. Plaintiff undertakes this action pursuant to the patent laws of the United States, 35 U.S.C. §§ 271 and 281, and seeks damages resulting from Defendants' unauthorized manufacture, use, sale, offers to sell, and/or importation into the United States of products, methods, processes, services, and/or systems that infringe one or more claims of the '936 Patent.

**PARTIES**

2. Plaintiff REC is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Arlington, Virginia.

3. Defendant Casio America, Inc. ("CAI") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 570 Mt. Pleasant Avenue, Dover, New Jersey 07801.  CAI conducts business in the state of Washington and has a registered agent for service of process, Corporation Service Company, located in Tumwater, Washington.  CAI has made, used, sold, offered for sale, and/or imported into the United States certain products that infringe one or more claims of the '936 Patent.

4. Defendant Casio Computer Co., Ltd. ("CCC") is a corporation organized and existing under the laws of Japan, with its principal place of business located at 6-2, Hon-machi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.  CCC, acting directly and/or through its agents and affiliates, conducts business in the state of Washington.  CCC has made, used, sold, offered for sale, and/or imported into the United States certain products that infringe one or more claims of the '936 Patent.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 271 and 281.  This Court has original subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ l33l and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ l39l and 1400(b).  Defendants have transacted business in this district, have committed acts of patent infringement in this district, and have placed their infringing products and services into the stream of commerce throughout the United States with the expectation that they will be used by consumers in this judicial district.

7. Defendants are subject to personal jurisdiction in the state of Washington and this judicial district and are doing business in this judicial district.

**COUNT I -- INFRINGEMENT OF THE '936 PATENT**

8. Plaintiff repeats and realleges the allegations of paragraphs 1 through 7 as if fully set forth herein.

9. On December 29, 1998, the U.S. Patent and Trademark Office duly and lawfully issued the '936 Patent.

10. Plaintiff is the exclusive licensee of the '936 Patent and the invention described and claimed therein, with all substantial rights with respect thereto. Plaintiff has the legal right to enforce the '936 Patent, including the right to pursue an action for infringement of the '936 Patent and the right to seek damages, equitable relief, and any other remedies for, or with respect to, any infringement of the '936 Patent.

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed the '936 Patent by making, using, selling, offering for sale, and/or importing methods and/or products forming an association in the manner claimed by the '936 Patent, including, but not limited to, the Casio G'zOne Commando (Verizon) mobile phone.

12. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to recover damages from Defendants to compensate Plaintiff for Defendants' infringement.

**JURY DEMAND**

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows:

A. An adjudication that that Defendants have infringed the '936 patent;

B. As provided under 35 U.S.C. § 284, an award of damages to be paid by Defendants to Plaintiff adequate to compensate Plaintiff for Defendants' infringement of the '936 Patent, including pre- and post-judgment interest, costs, expenses, and an order for an accounting of all infringing acts; and

C. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

DATED this 11th day of July, 2014.

          STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

          By: s/Timothy S. DeJong
          **Timothy S. DeJong,** WSBA No. 20941
          209 SW Oak Street, Suite 500
          Portland, OR 97204
          Telephone: (503) 227-1600
          Facsimle: (503) 227-6840
          Email: tdejong@stollberne.com

          **Attorneys for Plaintiff REC Software USA, Inc.**

*Of Counsel*
Kevin L. Russell
Email: kevin@chernofflaw.com
CHERNOFF VILHAUER MCCLUNG AND STENZEL LLP
601 SW 2nd Ave., Suite 1600
Portland, OR 97204
Telephone: (503) 227-5631
Facsimile: (503) 228-4373